# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SARAH E. KLUMB, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 4:15CV1760 HEA |
| GAMACHE & MYERS, P.C., | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss (Doc. No. 14). The following facts are alleged in the complaint and, for the purposes of the motions to dismiss, are presumed true.

On July 21, 2015, Defendant mailed Plaintiff a collection letter with the amount of the debt, the name of the creditor, and her validation and verification rights. The July 21, 2015 letter was on Defendant's law firm letterhead, but despite efforts to make it appear otherwise, Defendant was not attempting to collect the alleged debt from Plaintiff in its capacity as law firm. An attorney for Defendant, Michael A. Finely, purportedly signed the letter, though Mr. Finley had not personally reviewed Plaintiff's account before sending the July 21, 2015 letter, which was prepared by a non-attorney debt collector with the initials "kat."

Defendant's letter failed to disclose that no attorney had yet reviewed

Plaintiff's account prior to sending the letter and that Defendant was not acting in its capacity as a law firm. If Mr. Finely, or any other attorney employed by Defendant, had performed even a cursory review of Plaintiff's account, it was a not meaningful review of Plaintiff's specific circumstances.

Concerned with receiving a letter from a law firm, Plaintiff called Defendant on August 14, 2015 to get additional information about her account. Defendant asked Plaintiff the date on her demand letter, which Plaintiff answered honestly as July 21, 2015. Plaintiff inquired when the balance was due, and Defendant stated the balance was already due in full since charge off in November 2014. Plaintiff asked when she had to pay by, and Defendant told her "you need to be paying now." When Plaintiff asked what would happen if she didn't pay, Defendant stated that Plaintiff needed to work out a payment plan to keep Defendant from filing a civil lawsuit.

Pursuant to 15 U.S.C. § 1692g(b), Plaintiff possessed thirty-days to dispute and request verification of the debt upon receipt of Defendant's collection letter. Defendant's demand for immediate payment overshadowed Plaintiff's dispute, validation, and verification rights. Defendant's collection activity has caused Plaintiff to incur actual damages.

The complaint includes the following count:

Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against Defendant under Sections 1692g(b)(overshadowing), 1692d-f, (failing to have an attorney meaningfully review Plaintiff's file before sending the letter and failing to disclose the lack of such review, and engaging in deceptive, harassing, and unfair conduct in the collection of a debt), and 1692e(2)(A)(falsely representing the character, amount, and legal status of the debt).

**Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content...allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir.

2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## Discussion

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors ...". *Dunham v. Portfolio Recovery Assocs.*, LLC, 663 F.3d 997, 1000 (8th Cir. 2011). To state a claim for violation of the FDCPA, plaintiff must allege facts establishing that (1) plaintiff is a consumer, (2) the payment obligation defendant seeks to recoup was a "debt" as defined by the statute, (3) the defendant is a "debt collector" as defined by the statute, and (4) the defendant violated any of the protections afforded by the FDCPA. *Id.* at 1001. Taking the facts alleged in the Complaint as true, the Court holds that Plaintiff has pleaded facts showing entitlement to relief under the FDCPA.

Both parties argue matters outside the pleadings, however, the motion before the Court is one testing the sufficiency of the Complaint. Plaintiff has pled all of the necessary elements of a claim under the FDCPA, which, if true, would entitle her to relief. While later proceedings may reveal the alleged facts are not accurate, at this stage of the proceeding, the Court must presume the truth of the allegations. As such, the Complaint satisfies the Rule 12(b)(6) standard articulated herein.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 14) is **DENIED**.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTEY
UNITED STATES DISTRICT JUDGE